## COLORADO v. CAPELLA.

APPEAL from the District Court of San Juan, Section 2.

No. 884.—Decided December 16, 1912.

PATRIA POTESTAS—WELFARE OF CHILDREN.—The primary consideration in the exercise of *patria potetsas* is the welfare of the children.

ID.—APPEAL—DISCRETION OF COURT—FAMILY RELATIONS—DIVORCED SPOUSE.— The determination of the extent of the family relations between a spouse against whom a divorce has been decreed and her children who have remained under the *patria potestas* of the other spouse lies within the sound discretion of the trial court and will not be modified by this court unless abuse in the exercise of such discretion is shown.

DIVORCED SPOUSE—ADULTERY—FAMILY RELATIONS.—In the case at bar it was decided that considering the circumstances of the case and that the divorce was decreed against the mother for adultery, the trial court did not abuse its discretion when it decided that the mother might see her children for four hours once a month.

The facts are stated in the opinion.

*Mr. Adrián Agosto* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Rafael Colorado obtained a decree of divorce from his wife, Lorenza Capella Martínez, on the ground of adultery, and the court awarded him the *patria potestas* of his minor children. A short time after the judgment, the wife filed a petition setting up that Rafael Colorado, her husband, prevented her from seeing her children, in violation of section 175 of the Civil Code, and asking for an order permitting her to see her children and to continue family relations with them.

Section 175 is as follows:

"In all cases of divorce the minor children shall be placed under the *patria potestas* of the party who has obtained the decree; but the other spouse shall have the right to continue family relations with his or her children."

Under the dominion of Spain in this country, and in all the States of the Union, the primary consideration has always been the interests of the children. It is true that section 175 says that ''the other spouse shall have the right to continue family relations with the children.'' The full exercise of the *patria potestas,* however, would seem to give the father in this case the right to prescribe the hours, conduct, and disposition of the children. The statute is a bit vague, and it was necessary for a court to decide the rights of the parties, and we think the court below decided them accurately and in favor of the wife when it allowed her to see the children for four hours once a month. The family relations of which the statute speaks do not mean that the divorced wife must see her children frequently, because that might be against their welfare; but she is continuing a family relation with them when she sees them, as she is permitted to do, once a month. The question of the extent of these family relations was a matter within the sound discretion of the court, and we see no abuse of that discretion, especially considering that the ground of the divorce was adultery and there was no showing made to the court that the wife had reformed or abandoned the mode of life that occasioned the divorce.

The order must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.